# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**DESHONE DONALD,**
**# 252913,**

      **Plaintiff,**

**vs.**                                                    **Case No. 4:19cv129-RH/CAS**

**OFFICER WYCHE,**
**and OFFICER MIXON,**

      **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding pro se, initiated this case by filing a civil

rights complaint under 42 U.S.C. § 1983, ECF No. 1, and a motion to proceed

in forma pauperis, ECF No. 2.  Plaintiff's motion was granted and Plaintiff was

assessed an initial partial filing fee of $9.60.  ECF No. 4.  That fee was

required to be paid on or before **April 25, 2019**.  *Id.*  Additionally, Plaintiff was

required to file a response to that Order and clarify the basis for his current

detention.  *Id.*  In particular, Plaintiff was directed to explain whether or not he

is currently facing any charges related to the November 2017 event which is

at issue in this case.  *Id.*  Plaintiff's response was also required to be filed on

or before **April 25, 2019**.  As of this date, Plaintiff has not filed a response as

directed, nor has he paid the assessed initial partial filing fee.

Plaintiff had been warned that a recommendation would be made to

dismiss this case if he did not comply with that Order.  ECF No. 4.  Despite

that warning, Plaintiff has not complied and it appears that Plaintiff has

abandoned this litigation.

The Supreme Court has held that "[t]he authority of a court to dismiss

sua sponte for lack of prosecution has generally been considered an 'inherent

power,' governed not by rule or statute but by the control necessarily vested in

courts to manage their own affairs."  Link v. Wabash R.R. Co., 370 U.S. 626,

630, 82 S.Ct. 1386, 1389, 8 L.Ed.2d 734 (1962) (quoted in Betty K Agencies,

Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)); *see also* N.D.

Fla. Loc. R. 41.1.  A "court may dismiss a claim if the plaintiff fails to

prosecute it or comply with a court order."  Equity Lifestyle Properties, Inc. v.

Fla. Mowing And Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir.

2009).  Because Plaintiff has failed to prosecute this case, dismissal is now

appropriate.

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for

failure to prosecute and failure to comply with a Court Order.

**IN CHAMBERS** at Tallahassee, Florida, on July 10, 2019.


S/     Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**